1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS ESCAMILLA,                        )
                                          )
            Plaintiff,                     )      No. C 08-4539 TEH (PR)
                                          )
      vs.                                  )      ORDER OF TRANSFER
                                          )
M. COGBURN, MEDICAL                      )      (Docket No. 4)
ADMINISTRATOR, CORRECTIONS               )
CORPORATION OF AMERICA, et al,           )
                                          )
            Defendant.                     )
_____

        Plaintiff, a former California state prisoner who was transferred to the North Fork

Correctional Facility in Sayre, Oklahoma, has filed a pro se civil rights action under 42

U.S.C. § 1983 regarding inadequate medical care he contends he is receiving at that

facility.  The events or omissions giving rise to the claims occurred, and the Defendants

named apparently reside in Beckham County, Oklahoma, within the venue of the

Western District of Oklahoma.  See 28 U.S.C. § 116(c).  Venue therefore properly lies

in that district. See id. § 1391(b).

        When jurisdiction is not founded solely on diversity, venue is proper in the

district in which (1) any defendant resides, if all of the defendants reside in the same

state, (2) the district in which a substantial part of the events or omissions giving rise to

the claim occurred, or a substantial part of property that is the subject of the action is

situated, or (3) a judicial district in which any defendant may be found, if there is no

district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Where a

1    case is filed in the wrong venue, the district court has the discretion either to dismiss the

2    case or transfer it to the proper federal court "in the interest of justice."  28 U.S.C. §

3    1406(a).  Venue may be raised by the court sua sponte where the defendant has not yet

4    filed a responsive pleading and the time for doing so has not run.  <u>Costlow v. Weeks</u>,

5    790 F.2d 1486, 1488 (9th Cir. 1986).

6           Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28

7    U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for

8    the Western District of Oklahoma.  In light of the transfer, this Court will not rule on

9    Plaintiff's pending motion seeking to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (docket no. 4).  The

10   Clerk shall transfer this matter forthwith.

11   SO ORDERED.

12

13   DATED:   01/26/09

          _____
14        THELTON E. HENDERSON
          United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          2